## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JONATHAN MANCHESTER**

      **Plaintiff,**

**v.**                         **Case No.: 3:24-cv-00764-MMH-SJH**

**KYLE GEORGE, et al.**

      **Defendants.**

_____/

## DEFENDANT DEPUTY KYLE GEORGE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant KYLE GEORGE, through undersigned counsel, responds to Plaintiff's Amended Complaint [ECF No. 18] as follows:

## I.    PARTIES

1.    The Defendant is without knowledge as to and therefore denies the information pertaining to Plaintiff.

2.    The Defendant denies that Kyle Simmons is currently an investigator employed by the St. Johns County Sheriff's Office.

3.    The Defendant denies Joshua Wilson is currently a deputy employed by the St. Johns County Sheriff's Office.

4.    The Defendant admits that he was an investigator employed by the St. Johns County Sheriff's Office.

5. The Defendant admits Dennis Camden is employed by the St. Johns County Sheriff's Office.

## II.    BASIS FOR JURISDICTION

6. The Defendant admits this claim is brought pursuant to 42 U.S.C. § 1983.

7. The Defendant denies Plaintiff may maintain a claim for the deprivation of any right, privilege or immunity under the Eighth Amendment to the United States Constitution.

## III.    STATEMENT OF CLAIM

Claim A.

1. The Defendant is without knowledge as to, and therefore denies, the allegations in paragraph A. 1. of the Amended Complaint.

2. The Defendant denies the allegations in paragraph A. 2. of the Amended Complaint.

3. The Defendant denies the allegations in paragraph A. 3. of the Amended Complaint.

4. The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 4. of the Amended Complaint.

5. The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 5. of the Amended Complaint.

6. The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 6. of the Amended Complaint.

7.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 7. of the Amended Complaint.

8.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 8. of the Amended Complaint.

9.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 9. of the Amended Complaint.

10.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 10. of the Amended Complaint.

11.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A.11. of the Amended Complaint.

12.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 12. of the Amended Complaint.

13.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 13. of the Amended Complaint.

14.    The Defendant admits he transported Plaintiff to Flagler Hospital on July 15, 2022.

15.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 15. of the Amended Complaint.

16.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 16. of the Amended Complaint.

17.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 17. of the Amended Complaint.

18.    The Defendant is without knowledge as to and therefore denies the allegations in paragraph A. 18. of the Amended Complaint.

19.    The Defendant denies the allegations in paragraph A. 19. of the Amended Complaint.

20.    The Defendant denies the allegations in paragraph A. 20. of the Amended Complaint.

21.    The Defendant denies the allegations in paragraph A. 21. of the Amended Complaint.

22.    The Defendant admits Plaintiff was returned to the jail in response to the allegations in paragraph A. 22 of the Amended Complaint.

Claim B.

The allegations set forth in Claim B do not concern this Defendant and, as such, this Defendant is not required to provide a response. To the extent a response is needed, the Defendant denies all of the allegations.

The Defendant denies any allegations not specifically admitted.

The Defendant asserts Plaintiff is not entitled to any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Deputy George demands a jury trial on all issues raised in the amended complaint.

## AFFIRMATIVE DEFENSES

1.    At all times pertinent hereto, Deputy George was acting within the scope of his employment as a Deputy, employed by the Sheriff of St. Johns County, Florida,

and did not violate any clearly established law of which a reasonable deputy would be aware. Deputy George's actions were taken pursuant to his discretionary authority, and his conduct did not violate any clearly established statutory or constitutional right of which a reasonable person would have known. Furthermore, at all times material, Deputy George acted in good faith, reasonably and without malice in the course and scope of his duties towards Plaintiff and all those involved. Thus, he is entitled to qualified immunity for all claims made against him.

2.      No state or federally protected rights of Plaintiff have been infringed or violated.

3.      Actions attributable to Deputy George constitute, at worst, mere negligence which fail to state a claim for violation of an individual's civil or constitutional rights under 42 U.S.C. § 1983.

4.      Any injury incurred by the Plaintiff is the result of Plaintiff's own actions in refusing treatment and/or not following the prescribed orders of medical professionals or other actions or omissions of the Plaintiff, and any award of damages should be reduced by the *pro rata* share of fault attributable to Plaintiff.

5.      Plaintiff may have failed to use reasonable and proper efforts to mitigate damages.

6.      Plaintiff's official capacity claims against Deputy George are insufficient as they fail to allege any custom, policy or practice which was the moving force behind any alleged constitutional deprivation.

WHEREFORE, having answered Plaintiff's Amended Complaint and having denied all liability thereunder, KYLE GEORGE respectfully prays judgment to be entered in his favor and any other relief this Court deems proper.

Dated this 7th day of April 2025.

Respectfully submitted,

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN (Lead Counsel)**
Florida Bar No. 0937975
E-mail: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida  32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004
*Attorneys for Defendant*
*Deputy Kyle George*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this 7th day of April 2025, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, Jacksonville Division using the CM/ECF system, and sent via U.S. Mail to the following:

Jonathan Manchester
I62229
Sumter Work Camp
9544 County Road 476-B
Bushnell, FL  33513

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**