UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN DAVID MANCHESTER,

Plaintiff,

v.                                                                    Case No.: 3:24-cv-764-MMH-SJH

ST. JOHNS COUNTY, et al.,

Defendants.

**DEFENDANT, JOSEPH TIRADO, M.D.'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, JOSEPH TIRADO, M.D. (hereinafter "Dr. Tirado" or "Defendant"), by and through undersigned counsel and pursuant to Rule 12(b)(6), Fed. R. Civ. P., hereby moves to dismiss Plaintiff's Amended Complaint. In support thereof, Dr. Tirado states as follows:

### I. Statement of Alleged Facts

On November 12, 2024, Plaintiff filed an Amended Complaint alleging Dr. Tirado refused to render medical treatment to Plaintiff on July 15, 2022. Plaintiff was referred to Dr. Tirado at Flagler Hospital by the St. Johns County Sheriff's Office for medical clearance prior to booking into the St. Johns County Jail. Dr. Tirado was not operating as an agent for the Sheriff's Office, but rather as a treating physician. Plaintiff specifically asserts Dr. Tirado failed to provide adequate medical

care to Plaintiff, thus making this a claim of medical negligence under Chapter 766, Florida Statutes.

Plaintiff has not served upon Dr. Tirado a Notice of Intent to Initiate Litigation at any point prior to the filing of this lawsuit. Additionally, Plaintiff has not obtained a medical expert opinion and has therefore failed to comply with the statutory requirements under Chapter 766, Florida Statutes. Therefore, Plaintiff's Complaint fails as a matter of law and should be dismissed.

## II. Memorandum of Law and Argument

### A. Motion to Dismiss Standard

Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. Of Educ. v. Marshall Cty. Gas. Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). The court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69 (1984), and considers the allegations in the complaint in the light most favorable to the plaintiff. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

Under Florida law, it is well-settled "that in considering a motion to dismiss a complaint for failure to state a cause of action, the trial or appellate court is confined to the allegations within the four corners of the complaint." *Kowallek v.*

*Rhem*, 177 So. 3d 299, 300–01 (Fla. 4th DCA 2015), quoting *Corbett v. En. Air Lines, Inc.*, 166 So.2d 196, 203 (Fla. 1st DCA 1964).

When an action sounds in medical malpractice, a claimant/plaintiff must comply with the requirements of the Medical Malpractice Act as set forth in Chapter 766, Florida Statutes, before suit may be filed. Those requirements include a presuit investigation into the medical negligence claims and the service of a notice of intent, supported by a corroborating expert opinion, to initiate litigation after the completion of the investigation. Fla. Stat. § 766.203.

When a claim fails to comply with the preconditions for filing a complaint, including the failure to provide a proper notice of intent supported by a corroborating expert opinion, the claim should be dismissed. *Shands Teaching Hosp. v. Miller*, 642 So. 2d 48 (Fla. 1st DCA 1994) (in order to avoid dismissal of complaint with prejudice, medical malpractice claimant is required to submit an affidavit of physician in support of claimed malpractice prior to expiration of statute of limitations); *Maguire v. Nichols*, 712 So. 2d 784 (Fla. 2d DCA 1998) (failure to file properly verified medical expert opinion is fatal to a plaintiff's medical malpractice cause of action against a physician if the requirement is not met before the expiration of the statute of limitations).

**B.    Plaintiff's medical malpractice claim against Defendant should be dismissed for failure to comply with Chapter 766, Florida Statutes.**

Plaintiff has never served upon Dr. Tirado a Notice of Intent to Initiate Litigation prior to the filing of this lawsuit that gives notice regarding the claims Plaintiff seeks to allege in his Amended Complaint. Additionally, Plaintiff has not obtained a medical expert's opinion on these issues and has therefore failed to comply with the statutory requirements under Chapter 766, Florida Statutes. In short, Plaintiff's Amended Complaint against Dr. Tirado fails as a matter of law and should be dismissed.

To determine whether Plaintiff has failed to comply with the statutory requirements of Chapter 766, first, the Court must determine whether the claim sounds in medical negligence. To determine whether the claim sounds in medical negligence, the Court must consider whether it "arises out of any medical...diagnosis, treatment, or care." *J.B. v. Sacred Heart Hosp. of Pensacola*, 635 So.2d 945, 949 (Fla. 1994). Here, Plaintiff claims Dr. Tirado failed to provide Plaintiff with adequate medical treatment, which is clearly directly related to "the improper application of medical services and the use of professional judgment or skill." *Corbo v. Garcia*, 949 So.2d 366 (Fla. 2d DCA 2007) (citing *Lynn v. Mount Sinai Med Ctr., Inc.*, 692 So.2d 1002, 1003 (Fla. 3d DCA 1997).

In its most basic terms, Chapter 766 sets forth a statutory scheme whereby a claimant notifies potential defendants that a medical negligence action may be filed against it once the claimant or claimant's attorney has made an investigation to determine there are good faith grounds to believe negligence has occurred with regard to the care and treatment provided to a claimant. Fla. Stat. §§ 766.106(2), 766.104(1). Failure to comply with the requirements of Chapter 766 is grounds for dismissal of claims or defenses ultimately raised or asserted. *See, e.g., Dressler v. Boca Raton Cmty. Hosp.*, 566 So.2d 571 (Fla. 4th DCA 1990); *Torrey v. Leesburg Reg'l Med. Ctr.*, 796 So.2d 544 (Fla. 5th DCA 2001). In order for the presuit investigation scheme to work as intended by the legislature, the courts must abate or dismiss (depending on the circumstances) the claims of parties who do not comply with Chapter 766, Florida Statutes.

According to Florida Statutes, section 766.106(3)(a),

> No suit may be filed for a period of ninety (90) days after notice is mailed to any prospective defendant. During the 90-day period, the prospective defendant's insurer or self-insurer shall conduct a review as provided in § 766.203(3) to determine the liability of the defendants. Each insurer or self-insurer shall have a procedure for the prompt investigation, review, and evaluation of claims during the 90-day period ... Unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses ...

Moreover, Florida Statutes, § 766.206(2) notes that "[i]f the court finds that the notice of intent to initiate litigation mailed by the claimant is not in compliance with the reasonable investigation requirements of §§ 766.201-212, including a

review of the claim and a verified written medical expert opinion by an expert witness as defined in § 766.202...the court shall dismiss the claim..." Further, a Plaintiff must provide a verified written medical opinion via Florida Statutes, section 766.203(2) to "corroborate reasonable grounds to support the claim of medical negligence."

The presuit requirements are not mere technicalities and are an important concept dictating the procedures to follow in bringing, investigating, and concluding presuit investigations prior to instituting formal litigation based on alleged medical negligence. In fact, the Legislature included its findings and intent in Chapter 766 related to presuit investigations, noting as follows:

> 766.201   Legislative findings and intent.—
>
> > [...] (1)(d)   The high cost of medical negligence claims in the state can be substantially alleviated by requiring early determination of the merit of claims, by providing for early arbitration of claims, thereby reducing delay and attorney's fees, and by imposing reasonable limitations on damages, while preserving the right of either party to have its case heard by a jury.
> > (e)   The recovery of 100 percent of economic losses constitutes overcompensation because such recovery fails to recognize that such awards are not subject to taxes on economic damages.
> > (2)   It is the intent of the Legislature to provide a plan for prompt resolution of medical negligence claims. Such plan shall consist of two separate components, presuit investigation and arbitration. Presuit investigation shall be mandatory and shall apply to all medical negligence claims and defenses. Arbitration shall be voluntary and shall be available except as specified.
> > (a)   Presuit investigation shall include:

> 1. Verifiable requirements that reasonable investigation precede both malpractice claims and defenses in order to eliminate frivolous claims and defenses.
> 2. Medical corroboration procedures.
> (b) Arbitration shall provide:
> 1. Substantial incentives for both claimants and defendants to submit their cases to binding arbitration, thus reducing attorney's fees, litigation costs, and delay.
> 2. A conditional limitation on noneconomic damages where the defendant concedes willingness to pay economic damages and reasonable attorney's fees...

The presuit screening process applicable to medical negligence claims in Chapter 766, Florida Statutes, contains a mandatory procedure that both claimants and potential defendants must follow prior to instituting a formal complaint. *Kukral v. Mekras*, 679 So.2d 278 (Fla. 1996). While it is generally true that a plaintiff's allegations are taken as true for the purposes of a motion to dismiss, it is appropriate to look beyond the four corners of the Complaint to determine whether presuit conditions were met when a party alleges the absence of or non-compliance with presuit. *Morris v. Muniz*, 252 So.3d 1143, 1154-59 (Fla. 2018) (evaluating whether a presuit expert was qualified to render an opinion, whether the plaintiff reasonably participated in presuit discovery, and therefore, whether the plaintiff's complaint was subject to dismissal). Plaintiff has plainly failed to comply with Fla. Stat. § 766.203(2), which is fatal to his claim of medical malpractice. He has failed to obtain any corroborating medical expert opinion assuring this Court that the proposed litigation has merit and should proceed further.

WHEREFORE, Defendant, JOSEPH TIRADO, M.D., respectfully requests this Honorable Court enter an Order dismissing Plaintiff's claim with prejudice, and any further relief deemed necessary and just.

### Local Rule 3.01 g) Certification

The undersigned Counsel certifies that Plaintiff is currently unavailable to confer regarding this motion, in accordance with Local Rule 3.01 g) 3), as he is incarcerated at Sumter Work Camp, 9544 County Road 476-B in Bushnell, Florida, 33513. Simultaneous with this filing, however, the pleading is being mailed to Mr. Manchester, as he has no e-mail address or phone number, requesting whether or not he opposes. The undersigned will supplement this motion thereafter, in accordance with this local rule.

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

JESSICA R. KEELER, ESQ. (FBN: 1015660)
jkeeler@djmf-law.com
TIFFANY ROHAN-WILLIAMS, ESQ. (FBN: 0108103)
tiffany@djmf-law.com
1591 Summit Lake Drive, Suite 200
Tallahassee, Florida 32317
Phone: (850) 422-3345
Fax: (850) 422-1325
Attorney for Defendant Joseph Tirado, M.D.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF on this 9th of April 2025, as well as via Certified Legal Mail to Jonathan David Manchester, at Sumter Work Camp, 9544 County Road 476-B in Bushnell, Florida, 33513 [9414836208551280878539].

> **DENNIS, JACKSON, MARTIN & FONTELA, P.A.**
>
> */s/ Jessica E. Keeler*
> JESSICA E. KEELER, ESQ. (FBN: 1015660)
> jkeeler@djmf-law.com
> TIFFANY ROHAN-WILLIAMS, ESQ. (FBN: 0108103)
> tiffany@djmf-law.com
> 1591 Summit Lake Drive, Suite 200
> Tallahassee, Florida 32317
> Phone: (850) 422-3345
> Fax: (850) 422-1325
> Attorney for Defendant Joseph Tirado, M.D.