IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN MANCHESTER,    )
          )
      Plaintiff,    )
v.        )    Case No. **3:24-cv-00764- MMH-SJH**
          )
JAMIE K. DAVIS, *et al*.    )
          )
      Defendants.    /

## DEFENDANT KIMBERLY GREENWALT, N.P.'S MOTION TO DISMISS

The Defendant Kimberly Greenwalt, N.P. ("Nurse Practitioner Greenwalt") moves pursuant to Fed. R. Civ. P. 12(b)(6), to Dismiss the Amended Complaint, and in support states:

### I.    INTRODUCTION AND BACKGROUND

Plaintiff Jonathan Manchester filed his Amended Complaint for an alleged Violation of Civil Rights (the "Amended Complaint"). (Doc. 21). Plaintiff alleges that he is a convicted and sentenced prisoner (*id*. §III.) who was incarcerated at St. John's County Jail in Duval County, Florida (*id*. § VII. A.) during Nurse Practitioner Greenwalt's employment with Armor Inc. (*id*. P. 17). Plaintiff alleges that he was injured during his arrest when the arresting officer "put the plaintiff in handcuffs while on top of him, and then punched or elbowed the plaintiff in the left side of the face." (*id*. P. 15 ¶11). Mr. Manchester was then taken to the St. John's County Jail, examined, and transported to Flagler Hospital. (*id*. P. 15 ¶14). At Flagler Hospital

he was seen by Dr. Joseph Tirado and was cleared to be transported back to jail. (*id.*

P. 15 ¶22).

Plaintiff sues Nurse Practitioner Greenwalt, along with others, for violation of

his Eighth Amendment rights. (*id.* § II. B.) The following are all of the allegations

made against Nurse Practitioner Greenwalt:

**"Defendants Greenwalt and. Doe work for St. John's County Jail and work under the color of state law by being responsible for providing accurate and efficient care for those detained for which they have a right."**

(*id.* P. 13.)

**"2. Defendant Kimberly Greenwalt, is a nurse practitioner at St. John's County Jail and is generally responsible for answering the provision of medical care to inmates and specifically for scheduling medical appointments outside the jail when an inmate needs specialized treatment or evaluation."**

(*id.* P. 17.)

**"5. Plaintiff is seen by Defendant Greenwalt and told to stop complaining about his jaw, as they would do nothing for him, and writes a referral to a specialist upon release."**

**"6. Plaintiff writes more complaints after Greenwalt is replaced by Defendant John Doe, who also denies any substantial medical treatment while putting plaintiff on pain management."**

(*id.*)

The four corners of the Amended Complaint make it clear that Plaintiff failed

to exhaust all administrative remedies prior to filing suit. 42 U.S.C. §1997e(a). This

failure is fatal and the Amended Complaint cannot be amended to fix this defect.

Plaintiff also fails to state a claim against Nurse Practitioner Greenwalt for deliberate indifference and to the extent such claims are for medical negligence, Plaintiff failed to comply with the requirements of Florida's presuit medical malpractice procedures prior to filing this action. Finally, Nurse Practitioner Greenwalt has qualified immunity against Plaintiff's claims. The Amended Complaint should be dismissed without leave to amend.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

The Eleventh Circuit explained the standard for a motion to dismiss for the failure to state a cause of action as follows: "In ruling on a [Rule] 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)). However, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998)). However, "[the] [Court] will not serve as de facto counsel or rewrite an otherwise deficient pleading in order to sustain an action." *Ward v. Select Portfolio Servicing, Inc. (SPS),*

690 F. App'x 649, 650 (11th Cir. 2017) (internal quotation marks omitted) (quoting *GJR Invs., Inc. v. Cty. of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998).

## III. ARGUMENT

### A. Plaintiff Has Not Exhausted Administrative Remedies/Administrative Procedures.

Plaintiff's Amended Complaint should be dismissed for his failure to fully exhaust all administrative remedies and procedures. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This language is adopted wholesale as the preamble to Section VII of the Amended Complaint. (Doc. 21)

Plaintiff concedes that the St. John's County Jail had a grievance procedure, and that the grievance procedure at the St. John's County Jail covers his claims for refusal of medical treatment and criminal [deliberate] indifference. (Doc. 21 VII. A.; B.; C.). Even though Plaintiff acknowledges that the grievance procedure covers his claims, he fails to attach or reference any formal grievance and he readily acknowledges that he did not file an administrative appeal and took no steps beyond asking medical staff about further steps in the grievance process:

4. **What steps, if any, did you take to appeal that decision**? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of grievance process.)*

"**No steps taken** past asking medical staff about further steps in the process, where they informed the plaintiff, Defendant Greenwalt was the highest position to grieve to, and not to expect any response."

(*id*. § VII. E. 4.)  This is fatal to his claim.

First, the District Court is not obligated to accept that a formal grievance was actually filed. Plaintiff fails to attach any written grievance and Nurse Practitioner Greenwalt denies that any allegations against her in her individual capacity were alleged or described in any informal or formal grievance. The Eleventh Circuit explained the two-step process for the District Court to resolve a motion to dismiss based on the failure to exhaust administrative remedies by a prisoner: First, district courts must "look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust." *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). This is our case. However, "if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and it should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id*. The district court may resolve factual questions concerning a plaintiff's alleged failure to exhaust, as long as the factual disputes do not decide the merits and the

parties had sufficient opportunity to develop a record. *Bowden v. Frost*, No. 2:23-cv-382-JLB-NPM, 2025 U.S. Dist. LEXIS 43715, at *9 (M.D. Fla. Mar. 11, 2025). To be clear, Nurse Practitioner Greenwalt denies that she was ever named in any informal or formal grievance. But even if the District Court concludes that a grievance was actually filed, there is no saving this action because it is undisputed that Mr. Manchester simply did not appeal any denial of his alleged formal grievance. He did not complete or appeal the grievance process and stopped well short of exhausting the administrative remedies available to him.

In Florida, a prisoner must fully comply with a three step process before bringing an action for violation of his Eighth Amendment rights: (1) he must first file an informal grievance with a designated prison staff member; (2) this must be followed with the filing of a formal grievance with the institution's <u>warden</u>; and then (3) he must submit an appeal to the Secretary of the Florida Department of Corrections. *Dimanche v. Brown*, 783 F.3d 1204, 1211 (11th Cir. 2015). Even assuming that Mr. Manchester followed the first two steps but simply failed to attach the formal grievance to the Amended Compliant, there is no question that the third step was completely ignored.

In *Pavao v. Sims*, 679 Fed. Appx. 819, 823 (11th Cir. 2017), the Eleventh Circuit explained that even applying utmost liberality to an inmate's pro se allegations regarding compliance with the first two steps, exhaustion of Florida's

grievance procedure requires compliance with the third step -- an administrative

appeal <u>must</u> be filed and concluded prior to suit:

> The grievance procedure applicable to Florida prisoners is set out in §
> 33-103 of the Florida Administrative Code. Section 33-
> 103 contemplates a three-step sequential grievance procedure: (1)
> informal grievance; (2) formal grievance; and then (3) administrative
> appeal. *Dimanche*, 783 F.3d at 1211. **Informal grievances are
> handled by the staff member responsible for the particular area of
> the problem at the institution; formal grievances are handled by
> the warden of the institution; and administrative appeals are
> handled by the Office of the Secretary of the FDOC.** *See* Fla.
> Admin. Code. §§ 33-103.005-103.007. To exhaust these remedies,
> prisoners ordinarily must complete these steps in order and within the
> time limits set forth in § 33-103.011, and must either receive a response
> or wait a certain period of time before proceeding to the next step.
>
> \* \* \*
>
> Liberally construed, [state prisoner]'s filings advance three arguments
> about the unavailability of remedies. He first suggests that the prison
> and the Secretary of the FDOC simply failed to respond to his
> grievances, preventing him from completing the grievance process. He
> specifically references the prison's alleged failure to respond to Formal
> Grievance No. 1212-102-096. But even assuming that the prison failed
> to respond to that grievance, the grievance procedure provides that he
> could have "proceed[ed] to the next step of the grievance process"—
> administrative appeal—after the expiration of 20 days. See Fla. Admin.
> Code § 33-103.011(3), (4). Because he could have proceeded by filing
> an administrative appeal, **the PLRA still requires him to file an
> appeal notwithstanding the prison's lack of response**.

*Id.* at 825-26 (emphasis is added.)

Plaintiff's refusal to file an administrative appeal is a failure to comply with

the express requirements of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a).

"Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be

brought in court." *Pavao*, 679 Fed. Appx. at 823 (11th Cir. 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).

Mr. Manchester checked the box in his Amended Complaint indicating that he filed a formal grievance, but then conceded that he only lodged a "grievance" with the "Medical Department" and not with the warden. He fails to attach to the Amended Complaint any formal, written grievance or any other document evidencing the exhaustion of administrative remedies. Plaintiff then admits that he failed to appeal any denial of his "grievance". This is fatal to his action. *See Pavao*, 679 Fed. Appx. at 824-25 ("[T]he district court did not err by dismissing [state prisoner's] complaint for failure to exhaust his administrative remedies. The facts … demonstrate that [state prisoner] did not complete the administrative process in accordance with the applicable grievance procedures set forth in § 33-103 of the Florida Administrative Code. [state prisoner] did not comply with the sequential three-step grievance procedure with regard to his allegations against [defendant.]").

The Supreme Court has reaffirmed that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). There is nothing that Plaintiff can do now to salvage this action. In reviewing the question of exhaustion, "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v.*

*Terry*, 491 Fed. Appx. 81, 83 (11th Cir. 2013) (per curiam), citing *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000) (en banc)). "Because [state prisoner] was required to exhaust all claims before filing this complaint, further amendment would be futile." *Bowden v. Frost*, No. 2:23-cv-382-JLB-NPM, 2025 U.S. Dist. LEXIS 43715, at *15 (M.D. Fla. Mar. 11, 2025). The Amended Complaint as it pertains to Nurse Practitioner Greenwalt should be dismissed without leave to amend for the failure to exhaust administrative remedies.

### B. Plaintiff Fails to State a Cause of Action Against Nurse Practitioner Greenwalt for Deliberate Indifference.

Plaintiff's Amended Complaint is a "shotgun pleading" which further fails to state a claim against Nurse Practitioner Greenwalt in her individual capacity pursuant to 42 U.S.C. §1983. The Amended Complaint does not allege how she deprived Plaintiff of his rights and is simply an impermissible "shotgun pleading" which prohibits Nurse Practitioner Greenwalt from mounting a proper defense to the allegations against her seeking in excess of $2.5 million in damages.

Pursuant to Federal Rule of Civil Procedure 8(a)(2) "a pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). "Dismissal is appropriate when a complaint constitutes a shotgun pleading." The Amended Complaint does not separately identify which causes of action (to the extent there are multiple) apply to which defendants. Nurse Practitioner Greenwalt has no adequate notice of "the

claims against [her] and the grounds upon which each claim rests." More importantly, the facts alleged do not support a claim of deliberate indifference.

Plaintiff cannot meet his burden of demonstrating that Nurse Practitioner Greenwalt was deliberately indifferent to his serious medical need. It is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner when his purported claim arose and thus whether his claim arises under the Fourteenth Amendment rather than the Eighth Amendment. Regardless, the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments. *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty. Fl*a., 871 F.3d 1272, 1280 (11th Cir. 2017); *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985), cert. den.,106 S. Ct. 1492 (1986). The standard prohibits deliberate indifference to serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

To prevail on a deliberate indifference to serious medical needs claim, a plaintiff must satisfy both an objective and a subjective inquiry: 1) that the plaintiff suffered from an objectively serious medical need; and 2) that the prison officials acted with deliberate indifference to his serious medical need. *Hoffer v. Secretary, Florida Dept. of Corrections,* 973 F.3d 1263, 1266 (11th Cir. Aug. 31, 2020). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would

easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). The Eleventh Circuit has set a high bar. Deliberate inference is greater than even gross negligence. Plaintiff must demonstrate that Nurse Practitioner Greenwalt (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with **more** than gross negligence. *Wade v. McDade*, 67 F4th 1363, 1374 (11th Cir. 2023); *see also Hoffer*, 973 F.3d at 1266. It is Plaintiff's burden to establish all three elements. *Hoffer*, 973 F.3d at 1270, citing *Goebert v. Lee Cty.,* 510 F.3d 1312, 1326 (11th Cir. 2007). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Wood*, No. 20-12918, 2021 WL 4452526, at *3 (11th Cir. Sept. 29, 2021), citing *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994). "[D]eliberate indifference is not a constitutionalized version of common-law negligence." *Id*. Rather, 'the deliberate indifference standard ... is **far more onerous** than normal tort-based standards of conduct sounding in negligence,' and is in fact akin to 'subjective recklessness as used in the criminal law.'" *Id.*, quoting respectively, *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013), and *Farmer*, 511 U.S. at 839-40 (emphasis is added.) Conduct only rises to the level of deliberate indifference to a serious medical need in violation of the Eighth Amendment where "it is so grossly incompetent, inadequate, or excessive as to

shock the conscience or to be intolerable to fundamental fairness." *Hoffer*, 973 F.3d at 1271, citing *Harris*, 941 F.2d at 1505.

Here, the Amended Complaint alleges that Mr. Manchester was taken to a hospital where he was seen by a medical doctor who determined that he was hale and healthy enough to be taken back to the St. John's County Jail. Plaintiff alleges that at some undisclosed time thereafter, he was seen by Nurse Practitioner Greenwalt. There is no suggestion that she caused his injuries so that, at best, Plaintiff alleges that she delayed treatment of an injury to his jaw. This is insufficient. He must put up verifying medical evidence that this is so and that such delay had a detrimental effect. As explained by another district court in this district:

> Moreover, in order to show a deprivation of a constitutional dimension based on any delay in medical treatment, the plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill*, 40 F.3d at 1187-88. *See Fernandez*, 297 F. App'x at 512 (finding same). Plaintiff has not established any detrimental effect of delay in treatment for the injuries he sustained on July 31, 2014.

*McKnight v. Garriott*, No. 3:15-CV-159-J-39JRK, 2018 WL 6019706, at 10 (M.D. Fla. Nov. 16, 2018).

Further, assuming that Mr. Manchester was indeed in pain after his arrest, the Constitution does not, however, require "prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment." *Johnson v. Razdan*, No. 11-21118-CIV, 2013 WL 12089981, at *11 (S.D. Fla. Jan. 16, 2013), report and

recommendation adopted, No. 11-21118-CIV, 2013 WL 12090025 (S.D. Fla. Feb. 26, 2013), aff'd, 564 F. App'x 481 (11th Cir. 2014). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Treating pain allows considerable room for professional judgment. *Norwood v. Ghosh*, 723 F. App'x 357, 365 (7th Cir. 2018). *See also Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); and *see also Phillips v. Robbins,* 752 F. App'x 759, 764-65 (11th Cir. 2018) (continued reevaluation of allegedly ineffective pain medication, despite refusal to prescribe alternative medication, "suggests disagreements in medical opinion, rather than deliberate indifference." (citation omitted)); *Ross v. Corizon Med. Servs*., 700 F. App'x 914, 916 (11th Cir. 2017) ("The failure to administer stronger medication [for pain] is generally a medical judgment that is not an appropriate basis for imposing liability."); *Wright v. Langford,* 562 F. App'x 769, 779 (11th Cir. 2014) (plaintiff's "claim that he should have received some other form of pain medication ... does not state an Eighth Amendment deliberate indifference claim because a doctor's choice of treatment is generally ... a matter of medical judgment."); *Smith v. Wood*, 2019 WL 13068185, at *7 (N.D. Ga. Oct. 31, 2019) ("Plaintiff's claim essentially amounts to a disagreement with medication treatment and not deliberate indifference, even if the new pain medication ... may not have been as effective," and collecting cases).

Plaintiff fails to state a cause of action against Nurse Practitioner Greenwalt for deliberate indifference and the Amended Complaint should be dismissed.

**C. Qualified Immunity Bars Plaintiff's Claims Against Nurse Practitioner Greenwalt.**

None of the allegations regarding Nurse Practitioner Greenwalt support so much as an inference that she ignored Plaintiff's objective serious medical needs. Pursuant to 42 U.S.C. §1997e(c): The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Nurse Practitioner Greenwalt enjoys qualified immunity from Plaintiff's claim. *Dukes v. Miami-Dade County*, 232 Fed. Appx. 907, 911 (11th Cir. 2007). The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the District Court to rule on qualified immunity on a motion to dismiss. *Id.* "If a defendant asserts a qualified immunity defense in a Rule 12(b)(6) motion to dismiss, the court should grant qualified immunity if the

plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir.2007) (citing *Williams v. Ala. State Univ.*, 102 F.3d at 1182).

When the qualified-immunity defense is raised, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." To make this showing, Plaintiff must identify either (1) earlier case law from the Supreme Court, the Eleventh Circuit, or the Florida Supreme Court that is materially similar to the instant case, and thus, provided clear notice of the asserted constitutional right; or (2) general rules of law that apply with obvious clarity to the circumstances, clearly establishing the unlawfulness of the defendant's conduct. *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007). "[O]nly Supreme Court cases, Eleventh Circuit caselaw, and [state] Supreme Court caselaw can clearly establish law in this circuit." *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 955 (11thCir. 2003) (quotation and citation omitted).

Nurse Practitioner Greenwalt did not violate clearly established law and the constitutional right at issue must be "clearly established ... in light of the specific context of the case, not as a broad general proposition at the time of Defendants' actions." *McKnight v. Garriott*, No. 3:15-CV-159-J-39JRK, 2018 WL 6019706, at 10 (M.D. Fla. Nov. 16, 2018), quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

"A judicial precedent with materially identical facts is not essential for the law to be clearly established, but the preexisting law must make it obvious that the defendant's acts violated the plaintiff's rights in the specific set of circumstances at issue." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010).

The allegations in the Amended Complaint do not demonstrate Nurse Practitioner Greenwalt ever violated a constitutional right of the Plaintiff or even denied him medical treatment. *Dukes*, 232 Fed. Appx. at 912 ("These 'vague and conclusory' allegations are insufficient to state a violation of a protected right that is necessary to deny the Defendants qualified immunity." The Amended Complaint should be dismissed.

### D. Plaintiff Did Not Comply with the Pre-suit Requirements Mandated by Chapter 766, Florida Statutes.

To the extent Plaintiff's claim is for medical negligence, he failed to comply with the pre-suit requirements of Chapter 766, Florida Statutes. Florida Statutes Section 766.203 requires that a plaintiff conduct a pre-suit investigation to ascertain whether there are reasonable grounds to believe that: (a) Any named defendant in the litigation was negligent in the care or treatment of the claimant; and (b) whether such negligence resulted in injury to the claimant. The Statute requires that a claim of medical malpractice be corroborated with a verified written medical expert opinion from a medical expert. *Id.* Florida Statutes §766.106 further requires that after completion of the presuit investigation but before suit is filed, the plaintiff must

notify each prospective defendant of intent to initiate litigation for medical negligence. If a complaint is filed without a corroborating expert opinion, the proper remedy is dismissal on a motion to dismiss. *Anderson v. Wagner*, 955 So. 2d 586, 590 (Fla. 5th DCA 2006). The Amended Complaint should be dismissed without leave to amend.

## IV. CONCLUSION

Plaintiff failed to comply with the express requirements of the Prison Litigation Reform Act prior to initiating this action by failing to exhaust all available administrative remedies and procedures. Plaintiff further fails to state a cause of action against Nurse Practitioner Greenwalt for violation of civil rights and he also failed to comply with the presuit requirements for filing an action for medical negligence. Nurse Practitioner Greenwalt furthermore has qualified immunity against Plaintiff's claims and the District Court should dismiss the Amended Complaint filed by Plaintiff as it pertains to her, awarding her attorneys' fees and costs in defending this action, and granting any and all other relief as is necessary and just.

## Local Rule 3.01(g) Certification

The undersigned Counsel certifies that Plaintiff is currently unavailable to confer regarding this motion, in accordance with Local Rule 3.01 (g)(3), as he is incarcerated at Sumter Work Camp, 9544 County Road 476-B in Bushnell, Florida, 33513. Simultaneous with this filing, however, the pleading is being mailed to Mr. Manchester, as he has no e-mail address or phone number, requesting whether or not he opposes. The undersigned will supplement this motion thereafter, in accordance with this local rule.

**ARMAS BERTRAN ZINCONE**

*/s/ Francesco A. Zincone*
Francesco A. Zincone, FBN 100096
4960 SW 72 Avenue, Ste. 206
Miami, FL 33155
Tel: (401) 598-6594
fzincone@armaslaw.com
Attorney for Kimberly Greenwalt

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF on this 23rd of April 2025, as well as via Certified Legal Mail to Jonathan David Manchester, at Sumter Work Camp, 9544 County Road 476-B in Bushnell, Florida, 33513.

**ARMAS BERTRAN ZINCONE**

*/s/ Francesco A. Zincone*
Francesco A. Zincone, FBN 100096
4960 SW 72 Avenue, Ste. 206
Miami, FL 33155
Tel: (401) 598-6594
fzincone@armaslaw.com
Attorney for Kimberly Greenwalt