FILED - USDC - FLMD - JAX
APR 28 2025 PM2:06

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE 4/23/25
OFFICER INITIALS

United States District Court
Middle District of Florida
Jacksonville Division

Jonathan David Manchester
        Plaintiff
                        Case No.: 3:24-cv-764-MMH-SJH
v.

St. Johns County, et al,
        Defendants

Motion to Contest Defendants Motion
to Dismiss

    This motion is respectfully submitted to this court following the motion filed on behalf of Defendant, Joseph Tirado, M.D. (Dr. Tirado or Defendant) filed on April 9th, 2025.

    I'd like to bring to the attention of the court that the Plaintiff did not recieve Defendant's motion until April 15th, 2025. While preparing to respond, Plaintiff recieved a supplement to the above mentioned motion, which was filed on the date the Plaintiff recieved the original motion, April 15th, 2025, claiming the Plaintiff was not making himself available to confer. The time of reception of the original motion compared to the filing of the supplement is not even a single business day, making the claims asserted by the Defendant in his filed supplement innacurate. Defendant was aware the Plaintiff's copy of the motion was not recieved by Sumter Forestry Camp until April 14th, 2025 (specifically mentioned in Defendant's supplement), not providing the Plaintiff adequate time to respond. Please note; Defendant's supplement was not recieved until April 22nd, 2025.

    The motion to dismiss filed by Defendant should not be given any consideration by this court given the innacurate arguments made by Defendant in the laid out statement of alleged facts. The argument made by the Defendant is quoted as, "Plaintiff was referred to

(1)

Dr. Tirado at Flagler Hospital by the St. Johns County Jail. Dr. Tirado was not operating as an agent for the Sherriffs Office, but rather as a treating physician." Plaintiff was not "referred" to Dr. Tirado, the use of that word by Defendant implies the Plaintiff had a choice, Plaintiff was at Flagler Hospital to be cleared for incarceration. Meaning, Plaintiffs injuries were so substantial to the point where the Plaintiff could not be incarcerated without medical approval. At the point where the Plaintiff is brought to be evaluated by the hospital, whatever physician is consulting for the Sherriffs Office, and evaluates the Plaintiffs medical condition becomes an agent for the Sherriffs Office. Creating the circumstance where that physician is acting under the color of law, as all incarcerated persons are entitled to adequate medical attention, which is granted in the eighth ammendment of the United States Constitution.

All other claims and assertions made by Defendant are rendered moot, considering Defendant was acting under the color of law, giving the Plaintiff the right to file such claims under 42 U.S. 1983.

Respectfully Submitted,

Jonathan Manchester T62229
(Plaintiff)
Sumter Forestry Camp
9853 County Road 476-B
Bushnell, Fl 33513

(2)

Jonathan M[...] T[...]9
Sumter Forestry Camp
County Road 476-B
Bushnell, Fl 33513

Jonathan M[...] T[...]9
Sumter Forestry Camp
County Road 476-B
Bushnell, Fl 33513

SAINT PETERSBURG FL
24 APR 2025 AM 4 L

United States District Court
Middle District of Florida
Office of the Clerk
300 N. Hogan St., Suite 9-150
Jacksonville, Fl 32202

32202-427175

PROVIDED TO
SUMTER CORRECTIONAL INSTITUTION
DATE  4/23/25
INITIALS