UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN DAVID MANCHESTER,

       Plaintiff,

v.

                                Case No. 3:24-cv-764-MMH-SJH

KYLE GEORGE, et al.,

       Defendants.

_____

## **ORDER**

Plaintiff Jonathan David Manchester sues for federal civil rights violations under 42 U.S.C. § 1983[1] and proceeds in forma pauperis on his Amended Complaint[2] (Doc. 14; Amended Complaint). Manchester alleges he was subjected to excessive force during his arrest and subsequently denied

---

[1] Manchester initiated this action by filing a pro se Complaint in the United States District Court for the Southern District of Florida (Doc. 1; Complaint). Subsequently, the Honorable Raag Singhal, United States District Judge, transferred the case to the Middle District of Florida under 28 U.S.C. §§ 1391(b) and 1404(a). Doc. 4. Although initially filed in the Ocala Division of the Middle District, the Honorable Timothy J. Corrigan, United States District Judge, transferred the case to the Jacksonville Division under 28 U.S.C. § 1406(a). Doc. 8.

[2] In his initial Complaint, Manchester named as defendants 40 individual employees of the St. Johns County Sheriff's Office. Doc. 1. The Court directed Manchester to amend his Complaint because he neglected to reference most of the individual defendants beyond listing them as defendants. Doc. 13. The Court instructed Manchester that his amended complaint "must name as Defendants only those who are responsible for the alleged violation(s) of law." Id. at 3. In his Amended Complaint, Manchester names only seven individuals as defendants. Amended Complaint at 2–3, 12.

medical care while he was a pretrial detainee at St. Johns County Jail. See generally id.

In his Amended Complaint, Manchester names as defendants four employees of the St. Johns County Sheriff's Office: investigator Kyle Simmons, deputy Joshua Wilson, investigator Kyle George, and investigator Dennis Camden. Also, he names as defendants two nurse practitioners at the St. Johns County Jail: Kimberly Greenwalt and John Doe. Finally, he names as a defendant physician Joseph Tirado of Flagler Hospital. Amended Complaint at 2–3, 14. Defendants Camden and George answered the Amended Complaint. Docs. 29, 30. To date, Defendants Simmons, Wilson, and Doe have not appeared in the case.[3]

This matter is before the Court on Defendant Joseph Tirado's Motion to Dismiss (Doc. 32) and Manchester's Response (Doc. 35) as well as Defendant Kimberly Greenwalt's Motion to Dismiss (Doc. 34) and Manchester's Response (Doc. 46). The Motions are ripe for review.

---

[3] In earlier orders, the Court directed Manchester to provide sufficient information to identify and serve Defendants Simmons, Wilson, and Doe. Docs. 17, 37.

## I.      Manchester's Amended Complaint[4]

Manchester alleges that on July 15, 2022, at around 12:30 a.m., he was parked next to the passenger side of a "take down vehicle" driven by Defendants Simmons and Wilson. Amended Complaint at 14. He exited his vehicle with his phone in his hand. Id. Defendants Simmons and Wilson exited the "take down vehicle" with their guns drawn and verbally commanded Manchester to put up his hands. Id. He complied immediately. Id. at 15.

Defendant Wilson holstered his gun, grabbed Manchester by his left wrist, threw Manchester across his body, and slammed him onto the ground, causing the right side of Manchester's forehead to hit the asphalt. Id. While on top of Manchester, Defendant Wilson handcuffed him and then "punched or elbowed [him] on the left side of the face." Id. Manchester experienced a "popping/snapping noise" and "immediate and substantial pain." Id. Defendant Simons neither intervened to stop the assault nor reported the violation of Manchester's rights. Id.

Manchester was initially transported to St. Johns County Jail. Id. The booking officer expressed surprise at Manchester's condition and informed

---

[4] In considering Defendants' Motions, the Court must accept all factual allegations in the Amended Complaint as true, consider the allegations in the light most favorable to Manchester, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Amended Complaint and may well differ from those that ultimately can be proved.

3

Defendant investigator Kyle George that Manchester would need medical clearance for incarceration. Id.

Next, Manchester was transported to Flagler Hospital where he was seen by Defendant physician Joseph Tirado. Id. Defendant Tirado noted the injuries to the right side of Manchester's forehead and the asymmetry and lack of movement of his lower jaw. Id. Manchester informed Defendant Tirado that Defendants Wilson and Simmons had "re-broken" his jaw. Id. at 16. Defendant Tirado promised to conduct medical imaging to verify the full extent of his injuries. Id. However, Defendant George "jumped up and told Defendant Tirado that they needed to have a private conversation." Id.

After Defendants George and Tirado spoke privately, Defendant George told Manchester that he was refusing medical treatment. Id. Defendant George signed a form for the refusal of medical treatment without Manchester's consent. Id. Manchester was then transported back to St. Johns County Jail. Id.

While detained in jail, Manchester complained of a broken jaw, pain, and an inability to eat on July 15, July 26, July 29, August 24, and September 5, 2022, as well as on additional, unspecified dates. Id. at 17. Defendant nurse practitioner Kimberly Greenwalt saw Manchester and told him to "stop complaining about his jaw as they would do nothing for him." Id. Greenwalt

4

told Manchester she would write a referral for him to see a specialist upon his release. Id.

Defendant nurse practitioner John Doe later replaced Greenwalt. Id. Defendant Doe put Manchester on pain management but denied him any substantial medical treatment. Id. Manchester was later released from the St. Johns County Jail without being provided any medical treatment. Id.

Manchester alleges he was subjected to excessive force during his arrest and denied proper medical care. Id. at 5. He alleges that Defendants' actions violated his rights under the Eighth Amendment's Cruel and Unusual Punishment Clause. Id. at 3. As a result of the use of force and inadequate medical care, Manchester alleges that he suffers constant pain, trouble eating and maintaining physical activity, and an altered dental bite. Id. at 18. He seeks to recover monetary damages and medical care. Id. at 18.

## II.   Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v.

BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter,

6

accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## III.  Discussion

### A.    Tirado's Motion to Dismiss

Defendant Tirado advances one ground for dismissal: he argues that Manchester failed to satisfy pre-suit notice requirements for a medical malpractice claim under Florida Statute Section 766.203. Doc. 32 at 2. Manchester's claim should be dismissed, Tirado argues, because he failed to comply with pre-suit notice requirements including conducting an investigation and providing a corroborating medical expert opinion. Id. at 3. According to Tirado, Manchester's failure to serve him with a notice of intent to initiate this case in compliance with Chapter 766, Florida Statutes, is fatal to Manchester's medical malpractice claim. Id. at 4–8.

Tirado's singular argument for dismissal lacks merit because he misconstrues Manchester's claim. Manchester invokes no Florida law when setting forth his claim against Tirado. Rather, he sues Tirado under 42 U.S.C. § 1983 for violating his federal civil rights. Doc. 14 at 3. Specifically, he alleges that Tirado's failure to provide adequate medical care to him in the Flagler Hospital constitutes a violation of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment. Id. Notably, Manchester's claim is properly analyzed as a claim for deliberate indifference to his serious medical needs, which arises under the Fourteenth Amendment— not the Eighth Amendment—because he was a pretrial detainee at the time of the alleged events. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (explaining that, although a deliberate indifference claim arises under the Fourteenth Amendment when the plaintiff is a pretrial detainee rather than a convicted prisoner, the claim is "evaluated using the same standard as a prisoner's claim of inadequate care under the Eighth Amendment") (quoting Dang ex rel. Dang v. Sheriff, Seminole Cnty., Fla., 871 F.3d 1272, 1279 (11th Cir. 2017)). But regardless, it is not a medical malpractice claim. It is the Fourteenth Amendment that "is violated when a jailer 'is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.'" Id. (quoting Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016)).

8

Because Manchester's claim is brought under 42 U.S.C. § 1983 and is not a medical malpractice claim under Florida state law, dismissal is not warranted on this basis. See Simmons v. Fla. Dep't of Corr., No. 5:14-cv-438, 2015 WL 3454274, at *9 n.10 (M.D. Fla. May 29, 2015) (rejecting the medical providers' arguments that the prisoner's inadequate medical care claim should be dismissed for failure to plead compliance with the pre-suit screening requirements of Chapter 766, Florida Statutes, because the prisoner's claim was brought under 42 U.S.C. § 1983 and not under state medical malpractice law) (collecting cases).[5] And, because Tirado presents this meritless argument as his singular basis for dismissal, his motion is due to be denied.[6]

---

[5] Although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

[6] In one sentence, and without any elaboration, Tirado argues that he "was not operating as an agent for the Sheriff's Office, but rather as a treating physician." Doc. 32 at 1. Manchester responds that Tirado operated as an agent of the Sheriff's Office when he medically cleared Manchester for booking into jail. Doc. 35 at 2.

To the extent that in this single sentence Tirado attempts to argue that Manchester's claim should be dismissed because Tirado is a private physician and not a state actor, such argument is not sufficiently developed to warrant dismissal at this time. "[A] private physician who is under contract with a state to provide medical care to inmates acts 'under color of state law for purposes of section 1983 when undertaking his duties' to treat an inmate." Carswell v. Bay Cnty., 854 F.2d 454, 456 (11th Cir. 1988) (quoting West v. Atkins, 487 U.S. 42, 54 (1988)). Tirado does not assert that he was not under contract to provide medical services, and the Court lacks any additional information regarding the contractual relationship between Tirado and St. Johns County. Therefore, at this stage, the Court accepts as true Manchester's

9

### B.      Greenwalt's Motion to Dismiss

Greenwalt moves for dismissal on four grounds: (1) Manchester failed to exhaust his administrative remedies; (2) Manchester fails to state a claim for deliberate indifference to his serious medical needs; (3) Greenwalt is entitled to qualified immunity; and (4) to the extent Manchester alleges a state law claim of medical malpractice, he neglected to satisfy pre-suit notice requirements under Florida Statute Section 766.203. Doc. 34.

### 1.      Failure to Exhaust Administrative Remedies

Greenwalt argues that Manchester's claim should be dismissed because he failed to exhaust his administrative remedies before initiating this action. Doc. 34 at 4–9. Specifically, she argues that Manchester failed to comply with the exhaustion process established in Section 33-103, Florida Administrative Code, which outlines the requirements for exhausting a grievance for a person in the custody of the Florida Department of Corrections (FDOC). Id. at 7.

Greenwalt is correct that the Prison Litigation Reform Act requires exhaustion of available administrative remedies before a 42 U.S.C. § 1983 action regarding prison conditions may be initiated by a prisoner. "No action shall be brought with respect to prison conditions . . . by a prisoner confined in

---

allegation in the Amended Complaint that Tirado "works for Flagler Hospital and was acting under the color of state law by providing medical assessment for St. Johns County Sheriff's Office by assessing detained persons and providing clearance." Doc. 14 at 13, 14.

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). The failure to "properly exhaust" the administrative remedies will bar a prisoner from pursuing a claim in federal court.  Id.

However, prisoners are not required to "specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, "failure to exhaust is an affirmative defense under the PLRA[.]" Id. A defendant bears the burden of proving that the prisoner did not fully exhaust his administrative remedies. Id.; see also Dixon v. United States, 548 U.S. 1, 8 (2006) (recognizing that the burdens of both production and persuasion are on the same party).

The Eleventh Circuit Court of Appeals has articulated a two-step process that the Court must employ when examining the issue of exhaustion of administrative remedies:

> In Turner v. Burnside we established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F.3d [1077, 1082 (11th Cir. 2008)]. First, district courts look to the factual allegations in the motion to dismiss and those

11

in the prisoner's response and accept the prisoner's view of the facts as true. The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. Id. Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust. Id. at 1082–83; see also id. at 1082 (explaining that defendants bear the burden of showing a failure to exhaust).

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015). At step two of the Turner procedure, the Court can consider facts outside the pleadings as long as those facts do not decide the case and the parties have had sufficient opportunity to develop the record. Bryant v. Rich, 530 F.3d 1368, 1376 (11th Cir. 2008); see also Jenkins v. Sloan, 826 F. App'x 833, 838–39 (11th Cir. 2020).[7]

### a.   The Parties' Positions Regarding Exhaustion

Greenwalt argues that Manchester failed to comply with the exhaustion process established for Florida prisoners. Doc. 34 at 4–9. She points to the Amended Complaint in which Manchester indicated that he lodged a grievance with the "Medical Department" and not with the warden. Id. at 8. She

---

[7] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

12

emphasizes that Manchester failed to attach to his Amended Complaint any formal, written grievance and that he admits not appealing any grievance. Id.

In response, Manchester "openly admits that the administrative remedies were not all exhausted." Doc. 46 at 2. However, he argues that he "asked those in charge of the process, how to file the proper paperwork to correctly navigate the medical system" but "[a] copy of the form was never provided to [him] and further inquiries were shut down by employees of Defendant Greenwalt[.]" Id.  at 3. He further argues that Greenwalt was "deliberately sabotaging the proper procedure" and not "keep[ing] records of the procedure." Id.

### b.    Turner Step One

Under the first step of the Turner analysis, the Court must view the allegations in Greenwalt's Motion to Dismiss and Manchester's Response and accept as true Manchester's allegations. See Whatley, 802 F.3d at 1209. If Manchester's allegations in the Response show a failure to exhaust, then dismissal would be appropriate. See id.

Accepting Manchester's view of the facts as true, the Court finds dismissal of the claim against Greenwalt for lack of exhaustion is not warranted at the first step of Turner. Thus, the Court proceeds to the second step of the two-part process and considers Greenwalt's arguments about exhaustion and makes findings of fact.

13

### c.    <u>Turner</u> Step Two

Under the second step of the <u>Turner</u> analysis, the Court finds that Greenwalt does not meet her burden of demonstrating that Manchester failed to exhaust his administrative remedies before filing suit. Greenwalt's position is fundamentally flawed. Importantly, Greenwalt argues that Manchester neglected to comply with the exhaustion process established for an incarcerated Florida prisoner. Doc. 34 at 7. However, Manchester was a pretrial detainee in the St. Johns County Jail—not an incarcerated Florida prisoner—when the events giving rise to his claim against Greenwalt occurred. Therefore, the FDOC grievance procedures are inapplicable to Manchester, a pretrial detainee. Greenwalt cannot satisfy her burden of showing that Manchester neglected to exhaust administrative remedies by pointing to inapplicable FDOC grievance procedures. <u>See</u> <u>Joseph v. Jenkins</u>, No. 8:24-cv-2167-SDM-TGW, 2025 WL 1952039, at *2 (M.D. Fla. July 16, 2025) (concluding the defendants failed to meet their burden of showing the pretrial detainee neglected to exhaust available administrative remedies, and denying a motion to dismiss, because FDOC grievance procedures were inapplicable).

Greenwalt also neglects altogether to identify the administrative process that was available to Manchester at the St. Johns County Jail. Greenwalt submits no documentation or citations to any relevant rules and procedures of the St. Johns County Jail and presents no evidence to the Court. <u>See</u> <u>Delgado</u>

14

v. Shoar, No. 3:13-cv-624-J-39JBT, 2014 WL 5488793, at *4 (M.D. Fla. Oct. 30, 2014) (concluding the defendants failed to meet their burden of showing the pretrial detainee neglected to exhaust administrative remedies, and denying a motion to dismiss, because the defendants did not identify the administrative process available to the pretrial detainee in jail); see also Palmer v. Corizon Med. Co., No. 8:14-cv-385-SDM-TBM, 2014 WL 5488808 (M.D. Fla. Oct. 30, 2014) (concluding the defendants failed to meet their burden of showing the pretrial detainee neglected to exhaust administrative remedies, and denying a motion to dismiss, because the defendants "do not disclose how an inmate would know about the existence of an appeal [process]"); cf. Logsdon v. Woods, No. 5:24-cv-470-JLB-PRL, 2026 WL 291019, at *4 (M.D. Fla. Feb. 4, 2026) (taking judicial notice of the Marion County Jail's handbook, submitted as an exhibit to a motion to dismiss, which set forth the jail's administrative grievance process). Because Greenwalt fails to meet her burden of demonstrating that Manchester did not exhaust available administrative remedies applicable to him in the St. Johns County Jail, this is not a proper basis for dismissal.

## 2. Failure to State a Claim

Next, Greenwalt argues that Manchester fails to state a claim for deliberate indifference to his serious medical needs. Doc. 34 at 9–14. She argues that Manchester does not allege that she caused his injuries. Id. at 12.

And, to the extent Manchester alleges that Greenwalt delayed treatment, such claim fails because Manchester alleges no facts to show that such delay injured him. [8] Id.

Although Manchester's claim arises under the Fourteenth Amendment because he is a pretrial detainee, it is evaluated under the same standard as a claim for inadequate medical care under the Eighth Amendment. Swain, 961 F.3d at 1285. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a

---

[8] Without any elaboration, Greenwalt summarily characterizes the Amended Complaint as a "shotgun pleading" and argues that the pleading "does not separately identify which causes of action . . . apply to which defendants." Doc. 34 at 9. Undoubtedly, a pleading may be dismissed as a shotgun pleading if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015). However, Greenwalt does not move for dismissal of the Amended Complaint as a shotgun pleading. And, the allegations against Greenwalt—although minimal—notify her of Manchester's claim that she was deliberately indifferent to his serious medical needs from the time he arrived at St. Johns County Jail until the time she was replaced by nurse practitioner John Doe. See Fed. R. Civ. P. 8(a)(2). Therefore, the Court concludes Greenwalt's characterization of the Amended Complaint as an improper shotgun pleading is not a proper basis for dismissal.

16

prison official's conduct. <u>Swain</u>, 961 F.3d at 1285 (citing <u>Farmer</u>, 511 U.S. at 834).

As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" <u>Keohane v. Fla. Dep't of Corr. Sec'y</u>, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [<u>Farmer</u>, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," <u>id.</u> at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." <u>Id.</u> at 844–45.

<u>Wade v. McDade</u>, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (enumeration and emphasis omitted);[9] <u>see</u> <u>Stalley v. Cumbie</u>, 124 F.4th 1273, 1283 (11th Cir.

---

[9] For decades, the Eleventh Circuit has described a "more than <u>mere</u> negligence" or "more than <u>gross</u> negligence standard" in determining whether an

17

2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citation omitted)).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in

_____

official acted with deliberate indifference to that serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard as used in criminal law. Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Wade, 106 F.4th at 1265 (Jordan, J., concurring).

18

Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Here, Manchester fails to allege sufficient facts to state a claim against Greenwalt for deliberate indifference to his serious medical needs. His claim is conclusory in nature and devoid of almost any facts that would allow the Court to draw a reasonable inference that Greenwalt violated his constitutional rights. Some of his allegations concerning his medical care lack a clear connection to Greenwalt. For example, he lists five dates on which he complained of a broken jaw, but he does not specify to whom he made these complaints. Amended Complaint at 17. The only factual allegation beyond the allegation that Greenwalt saw him once and told him to "stop complaining about his jaw as they would do nothing for him" is his assertion that Greenwalt promised to refer him to a specialist once he was released from jail. Id. Manchester does not go so far as to allege that Greenwalt never made the referral. And, even if the Amended Complaint could be generously read to include such an allegation, this alleged fact, without more, is insufficient to state a claim for deliberate indifference. Manchester's deliberate indifference claim at most constitutes a disagreement with Greenwalt's course of treatment. See Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter

19

for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

In his Response to Greenwalt's Motion to Dismiss, Manchester attempts to bolster his allegations. Doc. 46 at 2–3. He argues that Greenwalt saw him twice in the St. Johns County Jail. Id. During the first sick call, Greenwalt "shrug[ged] . . . off" his complaints "as someone else's problem, by stating that she would write a recommendation to a specialist upon [his] release." Id. at 3. During the second call, Manchester complained of rapid weight loss. Id. He argues that "Greenwalt's report shows this weight loss was due to [his] jaw being broken," but he was denied any medical treatment "other than ointment for the cuts on his forehead." Id. According to Manchester, Greenwalt's medical report "shows a series of weigh-ins . . . where the final two are listed hours apart with over nine pounds difference." Id. He further argues that Greenwalt has "tamper[ed] with a medical document," thereby demonstrating her maliciousness. Id. However, a complaint may not be amended by briefs in opposition to a motion to dismiss. See Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (citing Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)). Because Manchester has not alleged sufficient facts in the Amended Complaint to show that he suffered a deprivation that was objectively, sufficiently serious, or that Greenwalt acted with subjective

20

recklessness, his deliberate indifference claim against her must be dismissed without prejudice.

### 3. Qualified immunity

Next, Greenwalt argues that Manchester's deliberate indifference claim should be dismissed because she is entitled to qualified immunity. Doc. 34 at 14–16. Because Manchester's claim against Greenwalt must be dismissed without prejudice for failure to state a claim, the Court need not address this alternative basis for dismissal.

### 4. Pre-suit Notice Requirements

Finally, Greenwalt argues that Manchester failed to comply with pre-suit notice requirements. Doc. 34 at 16–17. However, as explained above, Manchester does not plead a state law claim for medical malpractice. Instead, he attempts to allege that Greenwalt violated his constitutional rights by neglecting to provide adequate medical care while he was detained in the St. Johns County Jail. Doc. 14 at 17. Again, because Manchester's claim is brought under 42 U.S.C. § 1983 and is not a medical malpractice claim under Florida state law, failure to adhere to pre-suit notice requirements is not a proper basis for dismissal.

## IV.   Conclusion

Accordingly, it is

**ORDERED:**

1.   Defendant Tirado's Motion to Dismiss (Doc. 32) is **DENIED**.

2.   Defendant Greenwalt's Motion to Dismiss (Doc. 43) is **GRANTED** to the extent that Manchester's claim for deliberate indifference to his serious medical needs against Greenwalt is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

3.   Defendant Tirado must file and serve an Answer to the Amended Complaint on or before March 20, 2026.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of February, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

TpaP-5
C:   Jonathan David Manchester, I62229
      Counsel of Record