UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JONATHAN DAVID MANCHESTER,

Plaintiff,

v. Case No. 3:24-cv-764-MMH-SJH

KYLE GEORGE, et al.,

Defendants.

---

**ORDER**

**I. Status**

Plaintiff Jonathan David Manchester, an inmate of Marion Correctional Institution, initiated this action pursuant to 42 U.S.C. § 1983 and proceeds in forma pauperis (Amended Complaint; Doc. 14). On February 26, 2026, the Court granted Defendant Greenwalt's Motion to Dismiss because Manchester failed to state a plausible claim for relief under the applicable deliberate indifference standard. See Order (Doc. 47) at 15-21. However, the Court denied Defendant Tirado's Motion to Dismiss because Tirado argued only that Manchester failed to comply with pre-suit screening requirements for a state medical malpractice claim. Id. at 7-9. The Court rejected that argument noting

that those requirements are inapplicable to § 1983 claims. Id. The Court directed Defendant Tirado to file an answer, which he did.[1] See Doc. 48.

This matter is now before the Court on Manchester's Motion for Leave to Amend Complaint (Doc. 49; Manchester's Motion), which Defendant Greenwalt opposes (Doc. 50; Greenwalt's Response).[2] Also before the Court is Defendant Tirado's Motion for Judgment on the Pleadings (Doc. 51; Tirado's Motion) and Manchester's response in opposition (Doc. 54; Manchester's Response).

## II. Analysis

### A. Manchester's Motion

Manchester moves for leave to amend his complaint on two bases. First, he requests an opportunity to elaborate on his deliberate indifference claim against Defendant Greenwalt. Manchester's Motion at 1. In support, Manchester asserts that he wrongfully assumed that his post-complaint filings would have allowed him to "complete the picture." Id. Second, Manchester

[1] The Court provided a detailed summary of Manchester's allegations in the Order on Defendants' Motions to Dismiss and will not repeat them here. See Order (Doc. 47) at 3-5.

[2] Manchester filed a reply (Doc. 52) designated on the docket as Response to Defendant Greenwalt's Motion in Opposition for Leave to Amend. Manchester did not seek leave of Court to file a reply, so the Court does not consider it. See M.D. Fla. R. 3.01(e) ("No Reply as a Matter of Right").

seeks to add the Sheriff of St. John's County as a defendant on the ground that the Sheriff is responsible for his employees' conduct. Id. at 1-2.

A district court should freely grant a motion to amend a complaint. Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962). The decision whether to permit an amendment is within the sound discretion of the court. Jameson v. Arrow Co., 75 F.3d 1528, 1534 (11th Cir. 1996). A court should deny leave to amend a pleading when: "(1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile." Taylor v. Fla. State Fair Auth., 875 F. Supp. 812, 814 (M.D. Fla. 1995). Also, a court may deny leave to amend when the proposed pleading does not "set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).

Here, Manchester does not set forth the substance of his proposed amended deliberate indifference claim against Defendant Greenwalt, nor does he attach a proposed amended complaint. As such, the Court cannot assess whether he would be able to state a plausible claim against Defendant Greenwalt. With respect to the claim against the Sheriff of St. Johns County, an amendment would be futile. The law in the Eleventh Circuit is well established that "supervisory officials are not liable under § 1983 for the

unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). To establish individual liability for supervisory conduct, a plaintiff must show "that the supervisor either directly participated in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Keith v. DeKalb Cnty., 749 F.3d 1034, 1047-48 (11th Cir. 2014).

Here, Manchester seeks to name the Sheriff of St. Johns County solely because he is the supervisor of the officers that he asserts caused him harm. But as explained above, the Sheriff cannot be held vicariously liable under § 1983, and Manchester sets forth no facts demonstrating that the Sheriff was directly involved in his arrest or the subsequent denial of medical care. For all of these reasons, Manchester's Motion is due to be denied.

**B. Tirado's Motion**

In his Amended Complaint, Manchester alleges that Defendant Tirado was deliberately indifferent to his serious medical needs at Flagler Hospital

following his arrest.[3] See Amended Complaint at 5, 15-16. Defendant Tirado argues that Manchester does not allege a plausible deliberate indifference claim against him because Manchester does not allege that Defendant Tirado refused to treat him, denied requested care, or knowingly disregarded a serious medical need.[4] Tirado's Motion at 1-2, 4. In support, Defendant Tirado points out that Manchester acknowledges Defendant Tirado performed an examination, noted injuries to his jaw and forehead, and discussed imaging, but Defendant George[5] falsely represented that Manchester was refusing treatment and then signed a form to that effect. Id. at 4. According to Defendant Tirado, any denial of medical care is attributable to law enforcement, rather than to him. Id. Additionally, Defendant Tirado argues that Manchester fails to allege that he acted under the color of state law. Id. at 7-8. He maintains that he was a private physician working at a privately owned hospital, and he was not under contract with, or employed by, the state. Id.

---

[3] The Court accepts all factual allegations in the Amended Complaint as true and draws all reasonable inferences most favorable to Manchester. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273, n.1 (11th Cir. 1999).

[4] The Court analyzes whether Manchester states a plausible deliberate indifference claim in accordance with the deliberate indifference standard set forth in its Order on Defendants' Motions to Dismiss. See Order (Doc. 47) at 16-19.

[5] Defendant George is the St. Johns County Sheriff's officer who transported Manchester to Flagler Hospital following his arrest. Amended Complaint at 3, 15-16.

Liberally construing Manchester's opposition, he argues that Defendant Tirado was acting as a representative of the St. Johns County Sheriff's Office when he undertook the responsibility to evaluate him for medical clearance. Manchester's Response at 1. Manchester contends that, by undertaking the responsibility, a contract was created between Defendant Tirado and the Sheriff's Office, so therefore, Defendant Tirado acted under the color of law when evaluating him. Id. at 4. Manchester also contends that he informed Defendant Tirado of his injuries which, according to Manchester, creates a serious risk of substantial harm without proper treatment. Id. at 2-3. According to Manchester, Defendant Tirado did not conduct a thorough evaluation and instead allowed Defendant George to refuse medical treatment on his behalf. Id. at 3. Manchester maintains such action shows a deliberate disregard that amounts to more than mere negligence. Id.

Rule 12(c), Federal Rules of Civil Procedure (Rule(s)), provides that a party may move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial – . . .." Rule 12(c). Entry of a judgment on the pleadings is proper when there are no issues of material fact, and the movant is entitled to judgment as a matter of law. See Rule 12(c); Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). As such, a court should enter judgment on the pleadings only when the material facts are not in dispute and

judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts. Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). Rule 7(a) defines pleadings as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Rule 7(a). If comparing the allegations in the competing pleadings discloses a material dispute of fact, judgment on the pleadings must be denied. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).[6]

Notably, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." Samara v. Taylor, 38 F.4th 141, 152 (11th Cir. 2022) (quoting Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018)). So, in determining whether to grant a motion for judgment on the pleadings, the court must accept "as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party." Perez, 774 F.3d at 1335 (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). But the "tenet that a court must accept as true all of the allegations

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Samara, 38 F.4th at 152. Instead, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. And, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Samara, 38 F.4th at 152 (quoting Ashcroft, 556 U.S. at 678).

While a court's determination of a motion for judgment on the pleadings is ordinarily limited to a review of such pleadings, certain documents attached to a complaint may also be considered on such a motion. See Tassinari v. Key West Water Tours, L.C., 480 F. Supp. 2d 1318, 1320 (S.D. Fla. 2007); Rule 10(c). Indeed, the Eleventh Circuit Court of Appeals has recognized that pursuant to the incorporation by reference doctrine, attachments to pleadings may properly be considered on a motion for judgment on the pleadings if the attachments are central to the plaintiff's claim, and are undisputed in that their authenticity is not challenged. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (holding that the incorporation by reference doctrine adopted in Rule 12(b)(6) decisions is also applicable to Rule 12(c) cases).

The Court first will address whether Manchester has plausibly alleged that Defendant Tirado was a state actor. Eleventh Circuit precedent has established that "a private physician who is under contract with a state to provide medical care to inmates acts 'under color of state law for purposes of section 1983 when undertaking duties' to treat an inmate." Carswell v. Bay Cnty., 854 F.2d 454, 456 (11th Cir. 1988). However, the Eleventh Circuit has not directly addressed the issue of whether a private physician who treats an inmate or detainee in the absence of a contract acts under the color of state law, and other circuits are split on the issue. See Battle v. Kendall Reg'l Med. Ctr., No. 24-cv-20560, 2024 WL 691617, at *4 (S.D. Fla. Feb. 20, 2024) (discussing the circuit split on whether a private physician who treats an inmate must be under contract in order to be deemed a state actor under § 1983). Here, Manchester alleges Defendant Tirado was acting under color of law at the relevant time because Tirado was "providing [a] medical assessment for [the] St. John's County Sheriff['s] Office." Amended Complaint at 13. The Court must accept Manchester's allegations as true at this juncture. As such, for purposes of this order only, the Court accepts that Defendant Tirado was acting under color of law.

To the extent Defendant Tirado was acting under color of law when he evaluated Manchester, Manchester fails to state a plausible deliberate

indifference claim against him. Arguably, a broken jaw objectively shows a serious medical need. See Haggins v. Ala. Dep't of Corr., No. 2:17-cv-1785, 2018 WL 1938310, at *5 (N.D. Ala. Jan. 30, 2018). However, Manchester's deliberate indifference claim against Defendant Tirado fails for the same reasons the Court noted in dismissing Manchester's deliberate indifference claim against Defendant Greenwalt. See Order (Doc. 47) at 19-21. His claim against Defendant Tirado is conclusory in nature, and his allegations concerning his medical care lack a sufficient connection to Defendant Tirado for the Court to draw a reasonable inference that Defendant Tirado acted with subjective recklessness.

Specifically, Manchester's claim against Defendant Tirado is based on the premise that Defendant Tirado did not step in to challenge Defendant George's decision to sign the form showing Manchester's refusal of medical treatment. Indeed, Manchester asserts in his Amended Complaint that Defendant George abruptly stopped the medical examination, had a private conversation with Defendant Tirado, returned to tell Manchester that "he was refusing medical treatment," and then signed a medical refusal form on Manchester's behalf. Amended Complaint at 16. Manchester does not allege that Defendant Tirado knew Defendant George forced him to deny medical treatment, or that his refusal was coerced. At best, Defendant Tirado could

have verified with Manchester after examining him whether he was in fact refusing medical treatment. However, the simple fact that Defendant Tirado could have done more does not demonstrate that his conduct was "so grossly, incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1270-71 (11th Cir. 2020). Because Manchester fails to allege facts suggesting more than a possibility of wrongdoing, he fails to state a plausible claim against Defendant Tirado. Defendant Tirado's Motion is therefore due to be granted.

Accordingly, it is

**ORDERED**:

1. Plaintiff Manchester's Motion for Leave to Amend Complaint (Doc. 49) is **DENIED without prejudice**.
2. Defendant Tirado's Motion for Judgment on the Pleadings (Doc. 51) is **GRANTED**, and Manchester's claim against Defendant Tirado is **DISMISSED**.
3. The Court directs the **Clerk** to terminate Defendant Tirado as a party to this action.

4. Given that all served Defendants have answered the Amended Complaint, the Court will enter a scheduling order by separate order.[7]

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2026.

MARCIA MORALES HOWARD
United States District Judge

CC-2

c: Jonathan David Manchester
Counsel of record

[7] To date, Defendants Simmons, Wilson, and John Doe have not been served. The Court instructed that Manchester has until ten days after the discovery deadline, which will be set in the scheduling order, to file a notice with sufficient information to identify and serve these Defendants. See Orders (Docs. 24, 37).